# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| GREGORY PHIPPS and BRIAN MENSING, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ] ] ] ] ] |
| Plaintiff, | ] ] |
| vs. | ] Case No: 3:17-CV-97 ] |
| CHARIOTS OF HIRE, INC. and JOHN MARK PARSONS. | ] ] ] |
| Defendants. | ] |

## COLLECTIVE ACTION COMPLAINT

Come now the Plaintiffs, GREGORY PHIPPS and BRIAN MENSING, individually and on behalf of all others similarly situated, and for cause of action state as follows:

## NATURE OF SUIT

1. This action is brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. (hereinafter the "Fair Labor Standards Act" or "FLSA").

2. The Fair Labor Standards Act was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and a one-half times the regular rate at which

1

he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944)(discussing the requirements of 29 U.S.C. § 207 (a)).

3. Defendants violated the FLSA by failing to pay the Plaintiffs and those similarly situated one and one-half times their regular rates of pay for all hours worked within a workweek in excess of forty hours.

4. Plaintiffs seek payment for unpaid overtime and liquidated damages on behalf of themselves and all those similarly situated.

## JURISDICTION and VENUE

5. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331 (federal question).

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391 because Defendants operate in this district, Plaintiffs worked in this district for Defendants, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

7. Plaintiffs, GREGORY PHIPPS and BRIAN MENSING (collectively "Plaintiffs") are former employees of CHARIOTS OF HIRE, INC. and JOHN MARK PARSONS ("Defendants").

8. Plaintiffs were employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1). Their written consents are attached as Collective Exhibit A.

9. The Defendant, CHARIOTS OF HIRE, INC. is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

10. Defendant, JOHN MARK PARSONS, is the owner and acting president of Defendant CHARIOTS OF HIRE, INC. who exercises control over the hours worked, manner in which work is performed, and compensation paid to Plaintiffs and others similarly situated.

11. Defendant, JOHN MARK PARSONS, as owner and president, acts directly and/or indirectly in the interest of and on behalf of Defendant CHARIOTS OF HIRE, INC. with regard to Plaintiffs and others similarly situated.

12. Defendant, JOHN MARK PARSONS, is responsible in whole or in part for the violations of the FLSA discussed herein.

13. Defendant, JOHN MARK PARSONS, is an employer within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

14. Defendants provide both intrastate and interstate ground transportation to their clients.

15. Defendants comprise an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203(e)(1).

16. Defendants have done in excess of $500,000.00 in annual dollar volume of business in each of the past three years.

17. Plaintiffs and those similarly situated were engaged in interstate commerce, the production of goods for interstate commerce, or an activity which is closely related and directly essential to the production of such goods in each workweek of their employ with Defendant.

18. The violations of the Fair Labor Standards Act complained of herein occurred within two years of the filing of this complaint.

## FACTUAL ALLEGATIONS

19. Plaintiff Gregory Phipps has been employed by Defendants as a limousine driver since May 2015.

20. Plaintiff Brian Mensing was employed by Defendants as a limousine driver from September 2015 until September 2016.

21. The job duties of Plaintiffs' and those similarly situated consisted of providing both intrastate and interstate ground transportation to clients of Defendants.

22. All vehicles driven by the Plaintiffs on behalf of Defendants weighed less than 10,000 lbs.

23. Plaintiffs were paid at the rate of $15.40 per hour and a gratuity charged for each trip.

24. At the beginning of each shift, Plaintiffs and those similarly situated were required to be at the office one hour before the first scheduled pickup or one hour before the scheduled depart time.

25. Plaintiffs and those similarly situated were not compensated for this time whatsoever.

26. Plaintiffs and those similarly situated were not paid for the time it took to drive to the customer's location.

27. Plaintiffs were only compensated for the time the customer was actually in the vehicle.

28. After the customer would leave the vehicle, Plaintiffs and those similarly situated were required to drive the vehicle back to the offices of the Defendants or to their next pick-up.

29. Plaintiffs and those similarly situated were not compensated for this "drive time" back to the office or to the next destination.

30. Upon return, Plaintiffs and those similarly situated would be required to clean the vehicles which would take anywhere from 15 minutes up to one hour.

31. Plaintiffs and those similarly situated were not compensated for the time spent cleaning the vehicles.

32. When Plaintiffs and those similarly situated had gaps between scheduled pickups, they once again were required to be at the office of the Defendants one hour before the scheduled pickup or wait at the next destination and were not paid for this time.

33. In short, Plaintiffs and those similarly situated were not paid for time when passengers were not in the vehicles despite the fact they were required to be at work waiting to engage.

34. This often resulted in Plaintiffs and those similarly situated receiving less than the applicable minimum wage.

35. Further, the uncompensated hours worked by Plaintiffs and those similarly situated were often in addition to 40 hours per week.

36. Plaintiffs and those similarly situated never received 1.5 times their standard hourly rate for the time spent working more than 40 hours per week.

37. Plaintiffs and those similarly situated never worked a single work week in which they did not make the majority of their scheduled pickups in vehicles weighing less than 10,000 lbs.

38. As such, the FLSA applies to Plaintiffs.

39. Plaintiffs and those similarly situated performed job duties integral to the Defendants' business of providing intrastate and interstate ground transportation.

40. Plaintiffs and those similarly situated performed work specifically directed to them by the Defendants and in the manner Defendants directed them to do so.

41. The pay rates and hours of Plaintiffs and those similarly situated were set by the Defendants.

42. Plaintiffs and those similarly situated were paid an hourly wage for work performed.

43. Plaintiffs and those similarly situated received paychecks weekly for their work.

44. Plaintiffs and those similarly situated were required to work a standard work week of at least forty-five (45) hours per week.

45. The exact records of hours worked are in the possession of the Defendants.

46. Plaintiffs and those similarly situated were not paid at least the federal minimum wage for all hours worked in a standard work week.

47. Plaintiffs and those similarly situated were not paid at the proper overtime rate of one and one-half (1.5) times their standard hourly rate for all hours worked in excess of forty (40) hours in a standard work week.

48. Throughout their employment with Defendants, Plaintiffs and those similarly situated did not supervise any other employees.

49. Throughout their employment with Defendants, Plaintiffs and those similarly situated did not have the authority to hire other employees.

50. Throughout their employment with Defendants, Plaintiffs and those similarly situated did not have the authority to terminate the employment of other employees.

51. Throughout their employment with Defendants, Plaintiffs and those similarly situated did not have the authority to delegate any of their duties to other employees.

52. Throughout their employment with Defendants, Plaintiffs and those similarly situated did not have the authority to handle any employee grievances or complaints.

53. Throughout their employment with Defendants, Plaintiffs and those similarly situated did not have the authority to interpret, implement, or enforce company policies.

54. Throughout their employment with Defendants, Plaintiffs and those similarly situated reported to work every day at their assigned location and did not perform work outside the confines of this location.

55. Throughout their employment with Defendants, Plaintiffs and those similarly situated did not make more than $100,000.00 annually.

56. Throughout their employment with Defendants, Plaintiffs and those similarly situated did not have the right to control the conduct of their work.

57. Throughout their employment with Defendants, Plaintiffs and those similarly situated did not control the location of where the work was performed.

58. Throughout their employment with Defendants, Plaintiffs and those similarly situated assignments and the manner in which to complete the assignments were dictated by Defendants.

59. Throughout their employment with Defendants, Plaintiffs and those similarly situated did not have discretion as to what tasks to perform or the hours worked that particular day to complete those tasks.

60. Throughout their employment with Defendants, Plaintiffs and those similarly situated did not advertise their services through any other means and relied completely on Defendants for work assignments.

61. Throughout their employment with Defendants, all necessary equipment required for Plaintiffs and those similarly situated to perform their work was provided by Defendants.

62. Throughout their employment with Defendants, Plaintiffs and those similarly situated were not free to offer their services to other entities.

63. Throughout their employment with Defendants, Plaintiffs and those similarly situated were "non-exempt" employees under the Fair Labor Standards Act.

64. Plaintiffs' job duties did not fit under any exception to the overtime pay provisions of the Fair Labor Standards Act, 29 USC § 201 *et seq*.

65. The Defendants willfully failed to comply with the maximum hour provisions of the Fair Labor Standards Act 29 U.S.C. § 207, by failing to pay Plaintiffs and those similarly situated one and one-half (1.5) times their standard hourly rate for all hours worked in excess of forty (40) hours.

66. Defendants know the FLSA is applicable to their employment practices yet still failed to pay proper overtime wages to their employees.

67. Accordingly, Defendants' pattern or practice of failing to pay these employees in accordance with the FLSA was and is in willful violation of the FLSA.

68. Moreover, Defendants did not act in good faith or have reasonable grounds for believing the FLSA was not applicable.

69. On or around July 2016, after conducting an audit, the Tennessee Department of Labor notified Defendants their drivers were misclassified as independent contractors and ordered them to reclassify drivers as employees.

## COLLECTIVE ACTION ALLEGATIONS

70. Plaintiffs have actual knowledge that similarly situated employees (putative class members) have been paid in the same manner or scheme as set out above.

71. Throughout the last three years, Defendants have suffered, permitted, and/or required putative class members to work hours in which they failed to pay these employees the federal minimum wage.

72. Throughout the last three years, Defendants have suffered, permitted, and/or required putative class members to work in excess of forty hours per week and failed to pay these employees one and one half times their regular rate of pay.

73. Throughout the last three years, class members performed the same or similar work as did Plaintiffs on behalf of the Defendants.

74. Throughout the last three years, putative class members' work was controlled in the same manner and to the same degree by the Defendants as set out above.

75. As such, the putative class members are similar to Plaintiffs in terms of job duties, conditions of employment, and pay structure.

76. The putative class members are similar to Plaintiffs in that they were not paid minimum wage for all hours or overtime in violation of the FLSA.

77. Defendants' failure to pay minimum wage and overtime compensation to putative class members resulted from a single decision, policy, practice or plan, and does not depend on the personal circumstances of the Plaintiffs or individual class members.

78. The Plaintiffs' experiences while employed as drivers for Defendants are typical of the experiences of putative class members while they were employed as drivers for Defendants.

79. The specific job titles or precise job titles of each class member do not prevent collective action treatment because their actual job duties and conditions of employment were similar.

80. All class members are entitled to minimum wage for all hours worked and overtime compensation for hours worked in excess of forty during a workweek throughout the last three years while working for the Defendants.

81. As such, the class of similarly situated Plaintiffs is properly defined as follows:

**All persons who performed work providing transportation for customers, both interstate and intrastate, regardless of classification by the Defendant, during the three-year period immediately preceding the filing of this Complaint.**

# CAUSE OF ACTION

## COUNT I- VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. 207

82. Plaintiffs re-allege and incorporate by reference the facts set forth above.

83. Defendants violated 29 U.S.C. §207(a) by failing to pay Plaintiffs and the putative class members minimum wage for all hours worked and one and one-half times their regular hourly rate for all hours worked in excess of 40 hours during a workweek throughout the last three years.

84. Plaintiffs and putative class members have been damaged by Defendants' violations of the Fair Labor Standards Act.

85. Defendants' violations of the Fair Labor Standards Act were repeated, willful and intentional.

86. In the alternative, Defendants' violations were "reckless" in that Defendants uniformly failed to pay the proper overtime rate without performing due diligence or taking the necessary steps to ensure compliance with the FLSA.

87. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendants are liable to Plaintiffs and putative class members for the full amount of unpaid overtime compensation complained of herein and an additional equal amount in liquidated damages, plus reasonable attorney's fees and costs incurred in preparing and pursuing this action.

**WHEREFORE**, Plaintiffs request this court enter judgment in favor of the Plaintiffs, and those similarly situated, and against Defendants, for:

(1)  all amounts of overtime wages Plaintiffs and those similarly situated should have received under the Fair Labor Standards Act but for Defendant's violations, plus an equal amount in liquidated damages; and

(2)  all reasonable costs and attorney's fee pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) incurred in preparing and pursuing this action;

(3)  any such other legal relief as may be appropriate or to which they may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP**

**/s/ G. BRANDON HALL**
**JONATHAN A. STREET, BPR No. 021712**
**G. BRANDON HALL, BPR No. 34027**
525 4th Avenue South
Nashville, TN 37210
(615) 850-0632

*Attorneys for Plaintiffs and Class Members*