IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GREGORY PHIPPS and BRIAN MENSING, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:17-CV-97-TAV-HBG |
| CHARIOTS OF HIRE, INC., and JOHN MARK PARSONS, | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, Standing Order 13-02, and the Order [Doc. 3] of referral by the Chief District Judge.

Now before the Court is Plaintiffs' Expedited Motion for Conditional Class Certification and Court-Authorized Notice [Doc. 3].[1] The Defendants filed a Response [Doc. 18] to the Motion, and the Plaintiffs filed a Reply [Doc. 21]. The parties appeared telephonically before the Court on July 13, 2017, for a motion hearing. Attorneys Brandon Hall and Jonathan Street appeared on behalf of the Plaintiffs. Attorney Russ Swafford appeared on behalf of the Defendants.

As an initial matter, the parties have agreed that the action should be conditionally certified, and they have agreed to the proposed notice form. *See* [Docs. 18 at 2-3 and 18-1]. The remaining dispute between the parties is the method of notice to the potential opt-ins. Accordingly, for the

---

[1] The Court notes that "[s]uits brought under § 216(b) of the Fair Labor Standards Act are thus called 'collective actions' not class actions. *Wlotkowski v. Michigan Bell Telephone Co.*, 267 F.R.D. 213, 216 (E.D. Mich. 2010).

1

reasons more fully set forth below, the Court **RECOMMENDS** that the Plaintiffs' Motion [**Doc. 3**] be **GRANTED IN PART AND DENIED IN PART.**

## I.    BACKGROUND

The Complaint in this case was filed on March 17, 2017.  [Doc. 1].  The named Plaintiffs state that they were employed by the Defendants as limousine drivers and that the employees who are similarly situated to the Plaintiffs also provided both intrastate and interstate ground transportation to the Defendants' clients.  [*Id.* at ¶¶ 19-21].  The Plaintiffs state that they were "paid at the rate of $15.40 per hour and a gratuity charged for each trip."  [*Id.* at ¶ 23].  The Complaint alleges that at the beginning of each shift, the Plaintiffs were required to be at the office an hour before the first scheduled pickup or an hour before the scheduled departure time and that they were not compensated for such time.  [*Id.* at ¶¶ 24-25].  The Complaint states that the Plaintiffs were not paid for the time it took to drive to the customer's location and that they were only compensated for the time that the customer was actually in the vehicle.  [*Id.* at ¶¶ 26-27].  The Complaint continues that after the customer left the vehicle, the Plaintiffs were required to drive the vehicle back to the Defendants' office or to the Plaintiffs' next destination, but the Plaintiffs were not compensated for such time.  [*Id.* at ¶¶ 28-29].  The Complaint contends that upon return, the Plaintiffs were required to clean the vehicles, which would take fifteen minutes to an hour, and such time was not compensated.  [*Id.* at ¶ 30].  In addition, the Complaint states that in between scheduled pickups, the Plaintiffs were required to be at the Defendants' office without being compensated.  [*Id.* at ¶ 32].  In summary, the Complaint states that the Plaintiffs were not paid for the time when passengers were not in the vehicles, although the Plaintiffs were required to be at work waiting to engage.  [*Id.* at ¶ 33].

2

The Complaint continues that the uncompensated time resulted in the Plaintiffs receiving less than the applicable minimum wage and that the uncompensated hours worked were often in addition to forty (40) hours per week. [*Id.* at ¶¶ 34-35]. The Complaint states that the Plaintiffs never received overtime compensation. [*Id.* at ¶ 36]. The Complaint alleges violations of the Fair Labor Standards Act ("FLSA"). [*Id.* at ¶¶ 82-87].

The Plaintiffs have now moved [Doc. 3] the Court to conditionally certify this action.

## II.    POSITIONS OF THE PARTIES

As mentioned above, the parties have reached a consensus on conditional certification and the notice form. *See* [Doc. 18 at 2-3 and Doc. 18-1].[2]   The only remaining dispute is the method of notice.

The Plaintiffs request that notice be mailed, emailed, posted at any location where the putative members work, enclosed with the putative members' regularly scheduled paychecks, and posted prominently at the Defendants' place of business. The Plaintiffs assert that sending notice by mail alone is insufficient because the proposed members constitute a transient population. In addition, the Plaintiffs state that a legal notice sent through the mail may resemble junk mail. The Plaintiffs request that the Court also authorize a reminder notice to putative class members thirty (30) days before the 90-day deadline for opting in expires.

The Defendants respond [Doc. 18] that the Plaintiffs' requests are premature and run counter to this Court's precedent, as well as other district courts within the Sixth Circuit. The Defendants assert that providing email notification is inconsistent with other decisions by this Court. The Defendants contend that first-class mail is sufficient to notify potential members in

---

[2] Because the parties have agreed that the action should be conditionally certified, the Court will not summarize the Plaintiffs' position on conditional certification.

this case.  The Defendants state that if notice through first-class mail proves insufficient, then the Plaintiffs may request permission to contact the proposed members through other means.  Further, the Defendants state that if the Court requires email notification, it should be limited to only former employees.  In addition, the Defendant proposes that defense counsel be blind copied on the email messages and that the agreed-upon notice and consent forms be attached in PDF format.

The Defendants also object to posting notice at their place of business.  The Defendants state that while the Plaintiffs argue that the potential opt-ins constitute a transient population, the Plaintiffs have not defined what actually constitutes a transient population.  Moreover, the Defendants argue that the Plaintiffs have failed to present any evidence that the Defendants' employees move frequently, making first-class mail insufficient.  Further, the Defendants state that if the Plaintiffs mean that the employees travel to different locations, then posting notice would not be beneficial because the employees would not see it.  The Defendants add that courts have typically only required posting notice at a place of business for two types of transient populations: low-wage laborers and exotic dancers.  The Defendants state that a proper heading on the notice form will help readers from misclassifying the notice as junk mail.  The Defendants contend that posting notice is premature at this stage.  Finally, the Defendants argue that the reminder notice runs afield with Sixth Circuit precedent.

The Plaintiffs reply [Doc. 21] that sending emails promotes judicial economy and limits additional court resources, attorney's fees and costs.  The Plaintiffs assert that sending notification by first-class mail and email at the onset of the notice period increases the likelihood that all potential opt-in plaintiffs will receive the notice in a timely manner.  The Plaintiffs state that Defendants' arguments about sending emails to only former employees are unfounded and there is no evidence presented by the Defendants that the current addresses on file are accurate.  The

Plaintiffs assert that they have no objection to blind copying defense counsel on all emails sent with the attached notice but that Plaintiffs' counsel should be able to respond to putative plaintiffs' email responses without interference by the Defendants.

With respect to posting notice at the Defendants' office, the Plaintiffs argue that posting notice promotes judicial economy and in no way prejudices the Defendants. The Plaintiffs assert that other courts within the Sixth Circuit have approved posting a notice without addressing whether the class consists of low-wage laborers or exotic dancers. Finally, the Plaintiffs assert that reminder notices serve the remedial purposes of the FLSA.

## III. ANALYSIS

As mentioned above, the parties have agreed that the action should be conditionally certified as a collective action and have agreed to the proposed notice. *See* [Docs. 18 at 2-3 and 18-1]. Specifically, the parties have agreed that the collective action be defined as follows: "All current and former persons who performed work operating a vehicle under 10,000 lbs. on behalf of Chariots of Hire, Inc., at any point between March 17, 2014, through the present." [Doc. 18 at 2]. The Court recommends that the action be conditionally certified as a collective action in accordance with the parties' agreement [Doc. 18 at 2-3] and that the agreed-upon proposed notice [Doc. 18-1] be sent to the potential members as set forth below. *See Comer v. Wal–Mart Stores, Inc.,* 454 F.3d 544, 557 (6th Cir. 2006) (explaining that the standard for certification is "fairly lenient" and requires only "a modest factual showing" that the plaintiff is similarly situated to the other employees they seek to notify).

The Court will now turn to the methods of notice, which are in dispute. As explained by one court, there is "no 'one-size-fits all' approach to notifying putative class members in lawsuits." *Fenley v. Wood Group Mustang, Inc.,* 170 F. Supp. 3d 1063, 1074 (S.D. Ohio 2016). The goal in

sending notice is to provide accurate and timely notice to potential opt-ins while promoting judicial economy. *Id.* The Court, however, "must avoid communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits." *Id.* (quoting *Hoffmann-La Roche Inc. v. Sperlin*g, 493 U.S. 165, 170 (1989)).

With these principles in mind, the Court will address the issues in this matter. The parties agree that notice should be sent through first-class mail. Specifically, the Defendants object to email, posting notice at their place of business, and reminder notices.

### A. Notice by Email

The Defendants assert that notice by email is premature. The Defendants state that if notice through first-class mail proves insufficient, then the Plaintiffs may request permission to contact potential opt-ins through other means. Further, the Defendants contend that if email notification is allowed, it should only be allowed to former employees. The Plaintiffs reply that providing notice via email promotes judicial economy and limits additional Court resources, attorney's fees and costs. With respect to sending email notification to only former employees, the Plaintiffs state that there is no evidence by the Defendants that the current addresses on file are accurate. In addition, the Plaintiffs state that sending notification by email and U.S. mail is not unduly burdensome on any party. The Plaintiffs continue that they have no objection to blind copying counsel for the Defendants on all emails with the attached notice but that Plaintiffs' counsel should be able to respond to any questions posed by the putative plaintiffs without interference by the Defendants.

As both parties have emphasized, the undersigned has previously recommended that potential opt-ins receive email notification. *See Waitman v. Smoky Mountain Children's Home*, No. 3:14-CV-234-TAV-HBG, 2015 WL 2062127, at *5 (E.D. Tenn. Apr. 30, 2015) ("The

undersigned will recommend that the Defendants be ordered to produce the names, the last-known addresses, phone numbers, e-mail addresses, and the dates of employment of persons who worked for the Defendant from June 2, 2011 to the present."); *Bacon v. Subway Sandwiches & Salads LLC*, No. 3:14-CV-192-PLR-HBG, 2015 WL 729632, at *12 (E.D. Tenn. Feb. 19, 2015) ("The undersigned will recommend that the Defendants be ordered to produce the names, the last-known addresses, phone numbers, and e-mail addresses."). Accordingly, in conformity with past practice, the undersigned recommends that the putative members receive an email notification.

The Defendants urge this Court to adopt the recommendation in *Larson v. Rush Fitness Corp.*, No. 3:12-cv-109, 2013 WL 5350640, at *7 (E.D. Tenn. Oct. 17, 2012), *report and recommendation adopted*, 2013 WL 5350640 (E.D. Tenn. Sept. 23, 2013). In *Larson*, Judge Shirley recommended that the defendant be ordered to produce the names, addresses, dates of employment, and locations of employment of membership managers but not email addresses. *Id.* at *7. Judge Shirley reasoned, in part, that the defendant was "unlikely to have updated and reliable email addresses for potential opt-in plaintiffs." *Id.* Here, there is no evidence before the undersigned that the Defendants are unlikely to have reliable email addresses. Further, at the hearing, the Defendants acknowledged that they have some email records for former and current employees.

In making this recommendation, the Court notes that providing email addresses is not burdensome for the Defendants. Further, the Court agrees that email notification "appears to be in line with the current nationwide trend" and "advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit." *Smith v. Generations Healthcare Servs. LLC*, No. 2:16-CV-807, 2017 WL 2957741, at *6 (S.D. Ohio July 11, 2017) (quoting *Atkinson* v.

*Teletech Holdings, Inc.*, No. 3:14-cv-253, 2015 WL 853234, at *5 (S.D. Ohio Feb. 26, 2015)).  In addition, email has been described as "an inexpensive, non-invasive, effective way to ensure that notice is received in a timely manner."  *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2017 WL 3500411, at *5 (S.D. Ohio Aug. 15, 2017).  Accordingly, the Court will recommend email notification to the potential opt-in plaintiffs.  Further, because the Plaintiffs do not object, the Court recommends that defense counsel be blind copied on the email and that the email contain the agreed-upon notice and consent form as attachments in PDF format.  The Court agrees with the Plaintiffs that the Defendants are not entitled to receive any responses from the potential opt-ins.  Accordingly, the Court will recommend that potential opt-ins receive the notice by email.

### B.     Posting Notice and Enclosing Notice with Employees' Paychecks

The Plaintiffs request that they be allowed to post notices in the workplace.  The Plaintiffs argue that sending notice by mail alone is insufficient because potential opt-ins constitute a transient population and the legal notice is likely to resemble junk mail.  The Plaintiffs also request that the notice be enclosed with employees' paychecks.  The Plaintiffs argue that the potential opt-ins are much more likely to see the notice attached to their paycheck.

The Defendants respond that the Plaintiffs do not define what constitutes a "transient population."  The Defendants state that if the Plaintiffs mean that the potential opt-ins change residences often, the Plaintiffs have failed to present any evidence that the personnel move frequently such that first-class mail is insufficient.  The Defendants assert that if the Plaintiffs mean that the nature of the work causes them to move regularly, then posting notice would not be beneficial.  The Defendants argue that courts have typically only required defendants to post notice at their place of business for two types of transient populations: low-wage laborers and exotic

dancers. Finally, the Defendants respond that the use of a proper heading on the notice will caution readers from misclassifying the notice as junk mail.

The Plaintiffs reply that posting notice at Defendants' business promotes judicial economy and does not prejudice the Defendants. The Plaintiffs argue that the Defendants fail to cite any case within the Sixth Circuit holding that posting notice is only appropriate for two job types.

The Court has considered both parties' arguments and finds that the Plaintiffs have failed to demonstrate good cause for requiring the Defendants to post notice in their place of business. The Plaintiffs assert that posting notice promotes judicial economy and in no way prejudices the Defendants. In addition, relying on *Potts v. Nashville Limo & Transp.*, LLC, No. 3:14-cv-1412, 2015 WL 4198793 (M.D. Tenn. July 10, 2015), the Plaintiffs state that the potential members "*may* move on a regular basis given the fact they are a rather transient population." [Doc. 4 at 12] (Emphasis added). The Plaintiffs, however, offer nothing to support this statement. Further, the Court has already recommended that notice be sent by first-class mail and by email. The Court finds first-class mail and email notifications sufficient to advise the putative plaintiffs of their rights without encouraging potential opt-ins to join the suit or giving the impression that the Court approves the suit on its merits. *Hoffmann–La Roche Inc.*, 493 U.S. at 168-69, 174 ("In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action."); *see also Fenley*, 170 F. Supp. 3d at 1075 ("Plaintiff has not offered any evidence to suggest that electronic and ordinary mail would be insufficient to notify all putative class members of their right to opt-in to the instant litigation."). Further, with respect to the Plaintiff's concern that the notice may resemble junk mail, the Court

agrees with the Defendants that the use of a proper heading on the notice will caution readers from misclassifying the notice as junk mail.

Finally, although the Defendants did not address this issue, the Court finds the additional requirement of enclosing notice with the employees' paychecks duplicative and unnecessary. *See Gunn v. NPC Int'l, Inc.*, No. 13-1035, 2016 WL 7223466, at *8 (W.D. Tenn. Dec. 13, 2016) (finding that attaching notice to employees' paychecks was a duplicative and unnecessary expense to pose on the defendant).[3] In addition, the Court does not find that four different forms of notice (i.e., mail, email, posting in defendants' business, and enclosing with the employees' checks) are necessary or appropriate in this instance. *See Fenley*, 170 F. Supp. 3d at 1075 ("The Court does not feel that three forms of notice are necessary or appropriate in this instance."). Accordingly, the Court will not recommend posting notices in the Defendants' business or enclosing the notice with the employees' paychecks.

### C.    Reminder Notices

The Plaintiffs request that the Court permit reminder notices to absent potential opt-ins thirty days prior to the expiration of the opt-in period. The Plaintiffs state that a reminder notice will serve to alert potential opt-ins that the deadline to join the lawsuit is approaching and that they will be excluded if they do not opt-in. The Plaintiffs state that reminder notices will ensure that potential opt-ins, who have misplaced, not received, or opened their notice, still have a fair opportunity to join this lawsuit.

---

[3] It is unclear if the Plaintiffs are still seeking to enclose notice with employees' paychecks. The Court observes that this request was submitted before the parties agreed to many of the issues in this case. Further, the Plaintiffs did not mention this request at the hearing in this matter and stated to the Court that they sought to send notice to potential opt-ins by mail, email, and posting notice, along with sending reminder notices. In any event, the Court has addressed this issue because it was raised in the Motion.

The Defendants respond that a reminder notice runs afield with Sixth Circuit precedent. The Defendants argue that the Plaintiffs have not pointed to any authority within the Sixth Circuit that has approved reminder notices and that an overwhelming majority of the district courts within the Sixth Circuit have declined to order reminder notices.

The Plaintiffs reply that the Defendants fail to provide "any proof this is the way courts tend to rule in this circuit." [Doc. 21 at 6]. Further, the Plaintiffs state that the Court should weigh the danger that it will appear that the Court is encouraging litigation verses the legitimate opportunity the Plaintiffs have to enforce their rights under the FLSA.

The Court finds a reminder notice unwarranted. As mentioned above, the Court has already recommended that notice be sent by first-class mail and email. In *Fenley,* the court denied the plaintiffs' request to send reminder notices and to post notice at the defendant's place of business, reasoning, "[T]he Court should be hesitate to authorize duplicative notice because it may unnecessarily 'stir up litigation' or improperly suggest the Court's endorsement of Plaintiff's claims." 170 F. Supp. 3d at 1074-75. Similar to *Fenley*, the Plaintiffs here have not offered any evidence to suggest that electronic and ordinary mail would be insufficient to notify all putative class members of their right to opt-in to the instant litigation. *Id.* Accordingly, the Court will not recommend that reminder notices be sent to potential opt-ins.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, the undersigned **RECOMMENDS**[4] that the Plaintiffs' Expedited Motion for Conditional Class Certification and Court-Authorized Notice

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need

11

[**Doc. 3**] be **GRANTED IN PART AND DENIED IN PART**. The undersigned

**RECOMMENDS** that the parties' agreement as reflected in Doc. 18 at 2-3 (paragraphs 1-10)[5] be

adopted, except that paragraphs 2, 3, and 5 be amended, in which the undersigned

**RECOMMENDS** that the Defendants be ordered to also provide email addresses, if they are on

file, of the potential opt-ins to Plaintiffs' counsel and that the agreed-upon notice and consent

forms [Doc. 18-1] be sent to potential opt-ins of the collective action by first-class mail and by

email.

Respectfully submitted,

*Bruce Guyton*

United States Magistrate Judge

---

not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

[5] The Court believes paragraph number "11" is a typographical error and that the correct paragraph number is "10."