IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GREGORY PHIPPS and ) <br> BRIAN MENSING, Individually and on ) <br> Behalf of All Others Similarly Situated, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> ) <br> CHARIOTS OF HIRE INC., and ) <br> JOHN MARK PARSONS, ) <br> ) <br> *Defendants*. ) | Case No. 3:17-CV-97-TAV-HBG <br> JURY TRIAL DEMANDED |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Come now the named and all eligible Plaintiffs, Gregory Phipps and Brian Mensing, individually and on behalf of all eligible Plaintiffs (collectively "Plaintiffs"), and Defendants Chariots of Hire, Inc. and John Mark Parsons individually, and jointly notify the Court that they have resolved all claims at issue in this matter. Chariots of Hire, Inc., is acting as a debtor in possession pursuant to an Order Confirming Second Amended Plan entered January 27, 2020, which Plan included the payments and settlement set forth herein. *See* In re Chariots of Hire, Inc., No. 3:19-bk-30281-SHB, ECF No. 295 (Bankr. E.D. Tenn.). The parties stipulate to the voluntary dismissal with prejudice of the Plaintiffs' claims pursuant to Fed. R. Civ. P. 41(a) conditioned upon the Court's approval of this settlement. The parties also jointly move the Court for an order approving the parties' settlement under the FLSA, 29 U.S.C. §216(b). The Settlement is as set forth in Class 4 of the Second Amended Plan, pertinent portions of which are attached hereto as **Exhibit 1**.

1. Plaintiffs filed a Collective Action Complaint [Doc. 1] against Defendants on March 17, 2017. The Complaint asserts claims for overtime pay, liquidated damages, and attorney's fees under the FLSA, 29 U.S.C. §201, *et seq*.

2. Pursuant to the case law regarding FLSA settlements, there are two methods in which cases of this nature can be settled. First, under 29 U.S.C. §216(c) employees may settle and release claims if payment of unpaid wages is supervised by the Secretary of Labor. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a lawsuit brought by an employee against his or her employer under §216(b), the employee may settle FLSA claims if the parties present to the court a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. Id.; Rampersad v. Certified Installation, LLC, No. 1:12-cv-0032, 2012 U.S. Dist. LEXIS 167156, at *2 (E.D. Tenn. 2012). The circumstances justifying court approval of an FLSA settlement in the private litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreacting. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Barajas v. Sealtech, Inc., No. 1:13-cv-107, Doc. 41 (E.D. Tenn. Nov. 6, 2014) (quoting Lynn's Food Stores, 679 F.2d at 1254).

3. The proposed settlement in this case arises out of an adversarial proceeding. Both Plaintiffs and Defendants have been represented by counsel throughout the litigation, negotiation,

and settlement process. Counsel for the parties agree that the settlement is fair and reasonable under the circumstances and should be approved.

4. Pursuant to the settlement, two (2) Plaintiffs will receive various amounts totaling $17,000, one-half of which is to compensate them for alleged unpaid wages and one-half of which constitutes alleged liquidated damages.

5. The parties engaged in extensive discovery, participated in mediation, and engaged in settlement negotiations. They are now seeking to resolve this matter to avoid unnecessary further costs, time, and risks associated with continuing this litigation.

6. The parties have also reached an agreement as to the amount of attorneys' fees and expenses that are payable to Plaintiffs' counsel under 29 U.S.C. §216(b). This amount equals $9,100. The purpose of the FLSA's attorney fees provision is "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." United Slate, Local 307 v. G&M Roofing & Sheet Metal Co., 732 F.2d 495, 502 (6th Cir. 1984). Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees "encourages the vindication of congressionally identified policies and rights." Id. at 503. The parties agree that counsel's attorney fees and expenses are reasonable and were necessary in the pursuit of this collective action.

WHEREFORE, the parties request that their Joint Motion for Approval of Settlement be granted and that Plaintiffs' claims be dismissed with prejudice. A proposed order will be submitted to the Court for approval.

Respectfully submitted this the 14th day of February, 2020.

*s/Andrew R. Tillman*
Jennifer Pearson Taylor (BPR No. 021919)
Andrew R. Tillman (BPR No. 013979)
LONDON & AMBURN, P.C.
607 Market Street, Suite 900
Knoxville, TN 37902
Phone: (865) 637-0203
Fax: (865) 637-4850
jpearsontaylor@londonamburn.com
atillman@londonamburn.com
*Counsel for Chariots of Hire and John Mark Parsons*


THE EMPLOYMENT & CONSUMER LAW
GROUP

*s/G. Brandon Hall (with permission)*
JONATHAN A. STREET, BPR No. 021712
G. BRANDON HALL, BPR No. 34027
525 4th Avenue South
Nashville, TN 37210
(615) 850-0632
*Counsel for Plaintiffs and Class Members*